FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 05 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff,

vs.                                  NO. 05-CR-2788 JC

INGA GUTIERREZ,

    Defendant.

and

STATE OF NEW MEXICO,

    Plaintiff,

vs.                                  NO. 05-CR-2789 JC

MICHAEL GUTIERREZ
and INGA GUTIERREZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER REMANDING CASES TO STATE COURT

THIS MATTER is before the Court *sua sponte*.[1] A court has an independent obligation to determine its own jurisdiction, Qwest Communications Intern. Inc. v. F.C.C., 240 F.3d 886, 891 (10th Cir. 2001) (internal citation omitted). A federal district court is to examine promptly the notice of removal of a criminal prosecution. 28 U.S.C. § 1446(c)(4): "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id. Upon a careful review of the pertinent law, the two interrelated removal petitions filed by Inga Gutierrez and Michael Gutierrez, and all of the attached exhibits, the Court determines that their purported removal is improper, and that the Court, therefore,

---

[1] Initially, this criminal case was mistakenly docketed as a civil case, and filing fees were collected. This was improper. The cases should have received criminal case numbers, and no filing fee should have been assessed. Thus, along with this Order of Remand, the civil docketing fees will be returned to the removing parties.

lacks subject matter jurisdiction. Accordingly, these two cases are REMANDED to the state courts where they arose.

## Background

Inga Gutierrez and Michael Gutierrez attempt to remove two separate State of New Mexico criminal prosecutions to the United States District Court. These cases appear interrelated and concern an ongoing, festering dispute relating to neighbor conflicts and use of property. The Gutierrez' stated grounds for removal of the two actions are alleged violations of their constitutional rights under the 1st, 2nd, 4th, 5th, 6th, and/or 14th Amendments. *See Notices of Removal*, ¶¶ 3, 9 (for respective cases). Neither Notice of Removal asserts a specific statutory basis for removal, even though federal removal jurisdiction derives from federal statutes. *See* 28 U.S.C. § 1446(c)(2) ("A notice of removal of a criminal prosecution shall include all grounds for such removal.")

Inga Gutierrez was charged with the offense of a battery in a criminal complaint in the Otero County Magistrate Court. State of New Mexico v. Inga Gutierrez, D-1215-LR-200500035. Ms. Gutierrez contends that she was denied her federally protected constitutional rights because she demanded but did not receive a jury trial. More specifically, she states that she sought to have her case tried before a jury, and the magistrate judge denied the request and instead, conducted a bench trial.[2] Ms. Gutierrez was represented by the State Public Defender in her magistrate court trial, she was found guilty, and she appealed her conviction to the state district court as authorized by NMRA

---

[2] NMRA 6-602 provides that a demand for a jury may be made in a petty misdemeanor case "orally or in writing to the court at or before the time of entering a plea, or in writing to the court within ten days after the time of entering a plea." If a jury demand is not made as provided by this rule, the demand is waived. Here, the Court is unable to determine if Inga Gutierrez complied with the rule. On the Arraignment form, dated March 18, 2005, the question "do you want a jury?" is unanswered. Instead, there is writing, apparently by the judge stating "talk to lawyer." There are no other pleadings or requests attached to the removal pleadings demonstrating that Ms. Gutierrez ever made a timely jury demand in compliance with the rule.

6-703(A). She contends that she has again sought a jury trial in state district court and has been denied a jury of her peers.[3]

The second case, captioned <u>State of New Mexico v. Michael and Inga Gutierrez</u>, D-1215-CR-2005-00711/712, arises out of the Twelfth Judicial District Court in Otero County, New Mexico. Michael and Inga Gutierrez contend that they have been indicted by a State Grand Jury in violation of their Fifth and Fourteenth Amendment constitutional rights. This indictment apparently arises out of the same conflict or similar conflicts concerning neighbors and use of property.

## Legal Standard

The only issue the Court addresses in this Order is whether the removal of the two above-described state criminal court cases complies with the pertinent federal removal statutes, thereby providing this Court with jurisdiction to hear these matters. Although these removing *pro se* Defendants do not expressly state which removal statute they attempt to invoke, there appears to be only one remote possibility: 28 U.S.C. § 1443 "Civil rights cases."[4] The Court observes that it routinely reviews removal petitions for state civil cases brought to federal court to ensure that those attempted removals comport with strict statutory requirements, but that it is the unusual criminal case that is removed to federal court. *See* <u>State of New Mexico v. Tartaglia</u>, 365 F. Supp. 171, 172 (D.N.M. 1973) ("Generally, the removal of criminal prosecutions from State to Federal court under 28 U.S.C. § 1443 is a procedure which has been allowed in only very limited cases.")

---

[3] Again, Ms. Gutierrez has not attached any pleadings with respect to her appeal that demonstrate she requested a jury trial, although it is possible she made the request.

[4] With the exception of § 1443, there are no other removal statutes that the Gutierrezes could attempt to invoke.

3

Federal courts are courts of limited jurisdiction and may only adjudicate cases within their authority. United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1048 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 2964 (2005). Regardless of the removal statute invoked, federal removal jurisdiction must be strictly construed. *See* Shamrock Oil & Gas v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941). "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

Here, it follows that the removal of a criminal case from state to federal court can be accomplished only in strict compliance with the requirements of 28 U.S.C. § 1443, which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.[5]

28 U.S.C. § 1443. Section 1443 was a product of Congress' efforts to afford equal protection to African Americans who were being denied or could not enforce equal or civil rights in state courts. This removal section is an adjunct to the Civil Rights Act of 1964, § 2000a *et seq.* Rachel v. State

---

[5] Paragraph 2 of § 1443 cannot provide a proper basis for removal in this case because the second subsection "confers the privilege of removal only on behalf of Federal officers or agents and those authorized to act with them in executing duties under any Federal law providing for equal civil rights." *See* Tartaglia, 365 F. Supp. at 172. Thus, the Court analyzes the Gutierrezes' petitions for removal under § 1443(1) only.

4

of Georgia, 342 F.2d 336 (5th Cir. 1965), *aff'd*, 384 U.S. 780 (1966). Stated differently, the phrase in § 1443 "any law providing for . . . equal civil rights" has been interpreted to mean "any law providing for specific civil rights stated in terms of racial equality." Tartaglia, 365 F. Supp. at 173 (*citing* Georgia v. Rachel, 384 U.S. 780, 792 (1966)). A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for § 1443 removal. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Thus, "broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1)." Id. *See also* Colorado v. López, 919 F.2d 131, 132 (10th Cir. 1990) (affirming remand by district court where court concluded § 1443 did not authorize removal to protect the broad guarantees of the Constitution.

## Discussion

The Gutierrez's attempted removal of these two criminal prosecutions is premised on allegations that they were denied various federal constitutional rights. *See* Notices of Removal. Ms. Gutierrez alleges, *inter alia*, that she was "represented irresponsibly by the public defender," that "[t]his process represents ongoing violations of her rights to fair and equal treatment" under state and federal constitutions, that her right to confront her accusers was violated, and she was improperly denied her right to a jury trial. In the other notice of removal, Michael and Inga Gutierrez jointly allege that they were improperly targeted by law enforcement, retaliated against for the conviction of another individual involved in this property dispute, improperly denied recusal of a specific state court judge, and are the victims of prosecutorial vindictiveness and misconduct.

5

Because they are *pro se* litigants, the Court holds the Gutierrezes' submissions to a less stringent standard than formal pleadings drafted by attorneys. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Giving the Gutierrezes the benefit of the doubt, the Court construes their attempt to removal these criminal prosecutions under 28 U.S.C. § 1443(1), notwithstanding their failure to specifically invoke a removal statute. However, as discussed above, the "'law providing for the equal civil rights' referred to in subsection (1) must arise under a federal statute providing for specific civil rights stated in terms of racial equality." Colorado v. Smith, 51 Fed. Appx. 852, 853 (10th Cir. Dec. 4, 2002) (*citing* Johnson v. Mississippi, 421 U.S. at 219)).

In this case, the Gutierrezes make no claim they are being or have been denied a right arising under a federal law that provides for "specific civil rights stated in terms of racial equality." They do not contend that they are being prosecuted because of their race, nor do they assert any racial-based animus which forms the basis of any separate criminal prosecutions. Essentially, the Gutierrez' assert that the charges against them are unconstitutional, that the charges have no basis in fact, and/or that the prosecutions are unconstitutional. Such reasons do not furnish an adequate basis for removal under § 1443. *See, e.g.,* Johnson v. Mississippi, 421 U.S. at 223 (finding it apparent without further discussion that removal under § 1443 was not warranted based on allegations that the statutes underlying charges against those defendants were unconstitutional, that there was no basis in fact for the charges or that their arrest and prosecution denied them constitutional rights); Colorado v. Lopez, 919 F.2d at 132 (removal under § 1443 improper where the defendant asserted he was denied his right to a speedy trial and that the state trial court violated his constitutional rights); King v. Ziegler, 138 Fed. Appx. 60, 62 (10th Cir. June 7, 2005) ("[a] state court defendant's claim that prosecution and conviction will violate rights under constitutional or

statutory provision of general applicability or under statutes not protecting against racial discrimination is insufficient for removal [under § 1443]")...

Moreover, § 1443(1) does not provide for removal merely because of erroneous actions or decisions, to the extent there were any, by judicial or administrative officers. Poore v. State of Ohio, 243 F. Supp. 777, 779 (N.D. Oh. 1965).

> The purpose of this statute [§ 1443] is to prevent invidious discrimination under a local ordinance, a statute, or a constitution of a state. Thus, the substantive or procedural law of the State in which the criminal case is pending must deprive a defendant of equal rights before the case can be removed to a federal court.

Id. (internal citations omitted). The Gutierrezes simply have not demonstrated or alleged that they were the victims of invidious discrimination based on race, so as to justify removal under § 1443. See id. at 780.

The Court need go no further in remanding these criminal cases. However, an additional reason supports remand of Ms. Gutierrez's removal petition in D-1215-LR-200500035. Her petition for removal is untimely. "A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier ...." 28 U.S.C. § 1446(c)(1). Here, Ms. Gutierrez was arraigned on March 18, 2005. Ms. Gutierrez's notice of removal was not filed until December 15, 2005, well beyond the thirty day deadline. Thus, her case would be remanded on that basis alone. However, both cases are remanded for the above-stated reasons.

IT IS THEREFORE ORDERED that both of the above-captioned cases are REMANDED to the state courts in which they arose, and that filing fees shall be returned to the removing parties.

_____
UNITED STATES DISTRICT COURT